UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SNI SOLUTIONS, INC. and<br>NATURAL ALTERNATIVES, LLC,<br><br>          **Plaintiffs,**<br><br>v.<br><br>UNIVAR USA, INC. and<br>ROAD SOLUTIONS, INC.,<br><br>          **Defendants.** | No.: 4:18-cv-4090 |

## ORDER AND OPINION

Now before the Court are Defendants' Motions to Dismiss for Improper Venue. Docs. 20, 22. Plaintiffs have filed Responses (Docs. 26, 28), and the Court granted Defendants leave to file Replies (Docs. 36, 37). For the reasons that follow, Defendants' Motions are DENIED and this case is transferred to the Southern District of Indiana pursuant to 28 U.S.C. § 1406.

## I. BACKGROUND

Plaintiffs control the license to a patent covering de-sugared beet molasses for de-icing agents. Doc. 1, p. 4. On May 11, 2018, Plaintiffs filed a Complaint (Doc. 1) in the Rock Island Division of this District. Plaintiffs alleged that Defendants Univar USA, Inc. ("Univar") and Road Solutions, Inc. ("RSI") infringed on the patent. Doc. 1, p. 2. On October 1, 2018, Defendants each filed a Motion to Dismiss for improper venue (Docs. 20, 22). Pursuant to a March 14, 2019 text order, the Court transferred this case from the Rock Island Division to the Peoria Division because the alleged acts of infringement occurred in Peoria, not Rock Island.

The parties agree that Univar is incorporated in Washington and has headquarters in the Northern District of Illinois. *Id*. Univar also has two locations in the Southern District of Indiana.

1

Doc. 27, Exh. G. RSI is incorporated in Indiana and has headquarters in the Northern District of Indiana. Doc. 1, p. 2. RSI also has a location in the Southern District of Indiana. Doc. 29, p. 11. The parties dispute whether Univar and RSI each have a regular and established place of business in the Central District of Illinois through a third party business partner. Doc. 27, p. 10; Doc. 29, p. 9; Doc. 36, p. 4; Doc. 37, p. 7.

## II. LEGAL STANDARD

Federal Circuit precedent controls in patent cases. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). This includes the question of which party bears the burden of establishing proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). In 2018, the Federal Circuit determined that the plaintiff bears the burden of persuasion on the propriety of venue in patent cases. *Id*. In considering a motion to dismiss for improper venue, a court accepts the allegations in the plaintiff's complaint as true. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). However, the court is not required to accept the plaintiff's allegations as true once a defendant submits affidavits or other evidence contradicting specific venue allegations in a plaintiff's complaint. *Id.* The court may look beyond the pleadings to determine whether the chosen venue is appropriate. *Id.*

## III. DISCUSSION

### A. Propriety of Venue

Venue in patent cases is proper in the judicial district 1) where the defendant resides or 2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). To reside in a district, a defendant must be incorporated in the state containing the district. *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Neither Defendant is incorporated in Illinois. Therefore, the Court finds

that residency is not established in the District. The Court now examines the second basis for venue according to the statute.

1. **Acts of Infringement**

A defendant who makes, uses, sells, or offers to sell any patented invention without authority commits an act of infringement. 35 U.S.C. § 271(a). A defendant who actively induces infringement of a patent also commits an act of infringement. 35 U.S.C. § 271(b).

In their Response to Univar's Motion to Dismiss, Plaintiffs allege that Univar committed an act of infringement in this District by selling the infringing product through its dealers and by actively inducing RSI to sell infringing product in this District. Doc. 27, p. 8. In their Response to RSI's Motion to Dismiss, Plaintiffs allege that RSI committed acts of infringement in this District by selling the infringing product to customers in this District. Doc. 29, p. 7. Neither Defendant disputes these allegations in their Replies (Docs. 36, 37). Therefore, the Court finds that Plaintiffs met their burden of pleading that Defendants committed acts of infringement in this District.

2. **Regular and Established Place of Business in the District**

In 2017, the Federal Circuit clarified that three conditions must be satisfied for a defendant to have a regular and established place of business in a district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re Cray Inc.*, 871 F.3d at 1360.

   i. **Physical Place in the District**

To have a regular and established place of business in a district, a defendant must have a physical geographical location in a district. *Id*. at 1362. A virtual space is not sufficient. *Id*. In their Response to Univar's Motion to Dismiss (Doc. 26), Plaintiffs allege that Univar's

subsidiary, Bodine Services of the Midwest ("Bodine"), has a physical geographical location this District. Bodine's headquarters are located in Decatur, Illinois, and it has locations in Bartonville, Illinois and Springfield, Illinois. Doc. 27, p. 18. In their Response to RSI's Motion to Dismiss (Doc. 28), Plaintiffs allege that RSI's dealer McLean County Asphalt Co., Inc. ("McLean") also has a physical, geographical location in this District. McLean is located in Bloomington, Illinois. Doc. 29, p. 9. Defendants do not dispute that Bodine and McLean have physical, geographical locations in this District. Therefore, the Court finds that a physical place in the District exists for both Bodine and McLean, irrespective of Defendants' alleged control of those entities.

### ii. Regular and Established Place of Business

To be a regular and established place of business, the business must be steady, uniform, and long-term. *In re Cray Inc.*, 871 F.3d at 1362–63. A temporary business is not sufficient. *Id.* at 1362. Neither the Plaintiffs nor the Defendants discuss whether Bodine and McLean carry out steady, uniform, and long-term business in the District. Therefore, the Court finds that this point is not at issue in this case. Rather, this case turns on the third requirement of the test – whether Bodine and McLean are each a "place of the defendant."

### iii. Place of the Defendant

To determine whether a defendant's business partner is a "place of the defendant," a court must consider factors beyond the mere fact that a partnership exists. *In re ZTE*, 890 F.3d at 1015. These factors include whether the defendant owns or leases the partner's property, whether the defendant lists the partner on its website or in a directory, whether the defendant places its name on a sign on the partner's property, and whether the defendant exercises other attributes of possession or control over the partner. *In re Cray Inc.*, 871 F.3d at 1363. An independent

4

distributor is not a "place of the defendant." *See Vaxcel International Co., Ltd. v. Minka Lighting, Inc.*, 2018 WL 6930772, at *3 (N.D. Ill. 2018). In the case of a subsidiary, an important factor is whether or not the companies preserve corporate separateness. *See Symbology Innovations, LLC v. Lego Sys. Inc.*, 282 F.3d 916, 931 (E.D. Va. 2017). Relevant considerations include whether the parent company arranges financing for the subsidiary, whether the companies keep separate tax returns and financial statements, whether officers and directors are the same, and whether the parent exerts control over the daily activities of the subsidiary. *Graco, Inc. v. Kremlin, Inc.*, 558 F. Supp. 188, 191 (N.D. Ill. 1982); *see also Symbology Innovations*, 282 F.3d at 932.

In their Response to Univar's Motion to Dismiss (Doc. 26), Plaintiffs allege that Bodine is a place of Univar. Doc. 27, p. 9–10. In 2016, Univar acquired all outstanding stock in Bodine. Doc. 37, p. 5. Bodine described itself as a "Univar company" on its website and in a letter to its customers. Doc. 27, p. 12. However, in its Reply, Univar submitted an affidavit (Doc. 30, Exh. 1) demonstrating that the companies preserve corporate separateness. Univar and Bodine maintain separate bank accounts, file separate sales tax returns, and charge each other for intercompany transactions and services. Doc. 30, Exh. 1, p. 3. Univar does not own Bodine's property. *Id*. Univar does not maintain any inventory at Bodine's property. *Id*. Univar does not control Bodine's prices, advertising, or marketing. *Id*. There is no evidence to suggest that Univar lists Bodine on its website or places its signage on Bodine's property. Because Univar submitted an affidavit showing that Bodine is not the place of Univar, the Court is not required to accept the Plaintiff's allegation that Bodine is the place of Univar as true.

In their Response to RSI's Motion to Dismiss (Doc. 28), Plaintiffs allege that McLean is a place of RSI. McLean is a former customer and end user of RSI products. Doc. 36, p. 4.

However, in its Reply, RSI submitted an affidavit (Doc. 31, Exh. A) demonstrating that McLean is not a place of RSI. RSI did not own any shares of McLean. Doc. 31, Exh. A, p. 2. RSI did not own or lease McLean's property. *Id*. RSI did not store any inventory on McLean's property. *Id.* at 3. RSI did not exhibit any other control over McLean or its facilities. *Id*. Because RSI submitted an affidavit showing that McLean is not the place of RSI, the Court is not required to accept the Plaintiff's allegation that McLean is the place of RSI as true. Indeed, the Court finds that neither McLean nor Bodine are "the place of the defendant," and thus that Plaintiff has not shown a regular and established place of business by the Defendant in the Central District of Illinois. The Court therefore holds that venue in this district is improper.

### B. Dismissal or Transfer

A court may transfer a case in the interest of justice to any district in which it could have been brought. 28 U.S.C. § 1406(a). In this case, Plaintiffs' damages may be limited by a six-year statute of limitations in accordance with 35 U.S.C. § 286. Plaintiffs may miss out on "many months of damages" if required to re-file in a different district. Doc. 27, p. 14. Therefore, the Court will transfer rather than entirely dismiss the case.

The Southern District of Indiana appears to be the most appropriate district for venue purposes. Both Defendants have an established presence in the Southern District of Indiana. Univar allegedly committed acts of infringement there and likely has a regular and established place of business via its two locations in that District. Doc. 27, p. 15. Although Plaintiffs did not expressly allege that RSI committed acts of infringement in the Southern District of Indiana, the Court takes this allegation as sufficiently established in the Complaint, especially in light of Plaintiffs' proposal that the Southern District of Indiana is an appropriate venue for RSI. Doc. 29, p. 11. RSI also likely has a regular and established place of business in that District via a

6

location there, although it is headquartered (and therefore "resides") in the Northern District of Indiana. *Id.*; *In re BigCommerce, Inc.*, 890 F.3d 978, 980 (Fed. Cir. 2018). Thus, the Court hereby TRANSFERS this case to the Southern District of Indiana for further proceedings.

## CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss for Improper Venue are DENIED, and the case is transferred to the Southern District of Indiana.

Signed on this 23rd day of July, 2019.

/s James E. Shadid<br>
James E. Shadid<br>
United States District Judge