UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SNI SOLUTIONS, INC., and | ) | |
| NATURAL ALTERNATIVES, LLC, | ) | |
| | ) | |
|    Plaintiffs and Counterclaim | ) | |
|    Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVAR USA, INC., | ) | |
| | ) | 1:19-cv-03071-JMS-DML |
|    Defendant, Counterclaim Plaintiff, | ) | |
|    and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROAD SOLUTIONS, INC., | ) | |
| | ) | |
|    Third-Party Defendant. | ) | |

**ORDER**

Defendant and Third-Party Plaintiff Univar USA, Inc. ("Univar") filed a Third-Party Complaint against Third-Party Defendant Road Solutions, Inc. ("RSI"), seeking indemnity from RSI for claims brought against Univar by Plaintiffs SNI Solutions Inc. and Natural Alternatives, LLC ("Plaintiffs"). [Filing No. 73 at 1.] Plaintiffs alleged in their Second Amended Complaint that Univar induced infringement of U.S. Patent No. 6,080,330 (the "Patent"). [Filing No. 70-1 at 9-14.] Univar denies any liability to Plaintiffs, but asserts that, if it is held liable to Plaintiffs, Univar is entitled to the cost of its defense and indemnification from RSI. [Filing No. 73 at 1.]

Presently pending before the Court is RSI's Motion to Dismiss Univar's Third-Party Complaint, in which RSI seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Filing No. 82 at 1.] The motion is fully briefed and is for the Court's review.

1

# I.
## APPLICABLE STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary, the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider 'documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Wright v. Assoc. Ins. Cs. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).

## II.
### BACKGROUND

The following are the factual allegations set forth in Univar's Third-Party Complaint—and, where appropriate, in Plaintiffs' Complaint, [Filing No. 1], and Amended Complaint, [Filing No. 69]—which the Court must accept as true at this time.

Plaintiffs allege that "[d]uring the term of [its] . . . Patent, Univar marked and advertised its products as protected by the . . . Patent," and it "distributed products comprising [de-sugared sugar beet molasses (a part of the Patent)] through multiple distributors, including RSI." [Filing No. 69 at 5; Filing No. 69 at 9.] Univar holds a trademark for ICE BITE and has previously sold de-sugared sugar beet molasses under that trademark for use in de-icing solutions. [Filing No. 73 at 3.] In 2013, Univar and RSI entered into a license agreement (the "License Agreement"), which permits RSI to use the ICE BITE mark in downstream sales and requires RSI to pay Univar a license fee for RSI's use of the trademark based on the amount of de-sugared sugar beet molasses that RSI purchases from third parties. [Filing No. 73 at 3.]

The License Agreement includes an indemnification provision, which reads:

> [RSI] shall identify [Univar] as a beneficiary of [RSI's] insurance policy and shall indemnify, defend, and hold harmless [Univar], and its successors and assigns, against any and all claims, losses, expenses (including reasonable attorneys' fees), liabilities, or damages of any nature whatsoever, whether accrued, contingent, or non-contingent resulting from or arising out of [RSI's] sale of anti-icing and deicing solutions in association with the Trademark ICE BITE or Logo.

[Filing No. 73 at 5.]

On May 11, 2018, Plaintiffs filed suit against Univar and RSI in the United States District Court for the Central District of Illinois, alleging Univar and RSI infringed the Patent through their distribution and sales of products comprised of de-sugared sugar beet molasses. [Filing No. 73 at 4; Filing No. 1 at 9.] On July 23, 2019, the case was transferred to this Court. [Filing No. 73 at

4.] On October 7, 2019, Plaintiffs filed a Seconded Amended Complaint [Filing No. 69], removing RSI as a defendant and proceeding against Univar only.  [Filing No. 73 at 4.]

Univar filed a Third-Party Complaint against RSI on October 10, 2019, seeking indemnification from RSI pursuant to the indemnification clause in the License Agreement. [Filing No. 73 at 1.]  Univar alleges that it is entitled to complete indemnification from RSI for all costs of defense, costs of suit, and reasonable attorney and expert fees Univar incurs in defending against Plaintiffs' Complaint, to the extent Plaintiffs' infringement allegations concern RSI's sales under the ICE BITE mark on or after the effective date of the License Agreement.  [Filing No. 73 at 5.]  On November 22, 2019, RSI filed a Motion to Dismiss the Third-Party Complaint, [Filing No. 81], arguing that Univar is not entitled to indemnification under the License Agreement.

### III.
#### DISCUSSION

The License Agreement contains a choice of law provision, which reads: "All questions with respect to the construction of this Agreement and the rights and liabilities of the parties shall be governed by the laws of the State of Washington."  [Filing No. 81-1 at 7.]  The parties do not dispute that Washington law applies.  [Filing No. 82 at 3; Filing No.  92 at 3.]  Accordingly, the Court will apply Washington law.

RSI argues that Univar's claim for indemnification fails because the License Agreement indemnification clause is unenforceable as to allegations of induced patent infringement.  [Filing No. 82 at 7.]  RSI asserts that Washington public policy prohibits indemnifying any party for damages resulting from its intentional or willful wrongful acts, and because induced patent infringement is an intentional tort, public policy prohibits invoking the indemnification provision against RSI in this case.  [Filing No. 82 at 9.]  To support this conclusion, RSI points to Sections

572 and 575(1) of the Restatement (First) of Contracts,[1] Section 195 of the Restatement (Second) of Contracts,[2] Washington Supreme Court opinions—specifically, *Griffiths v. Henry Broderick, Inc.*, 182 P.2d 18 (Wash. 1947) (en banc) and *McCutcheon v. United Homes Corp.*, 486 P.2d 1093 (Wash. 1971) (en banc)—and other court opinions finding intentional torts excluded from a duty to defend and indemnify. [Filing No. 82 at 8-9.] RSI contends that the Washington Supreme Court has, through its citation to sections of the Restatement of Contracts in *Griffiths* and *McCutcheon*, adopted into law those sections, which make indemnification agreements covering tortious acts unenforceable.

In response, Univar argues that RSI mischaracterizes Washington law and is mistaken about Washington's stance on this subject because Washington courts—including the Supreme Court of Washington—have given effect to contracts that provide coverage for intentional torts. [Filing No. 92 at 2.] Univar contends that, under Washington law, public policy permits contracting for avoidance of liability for intentional torts. [Filing No. 92 at 2-3.] Univar primarily

---

[1] Section 572 of the Restatement (First) of Contracts (1932) states: "A bargain to indemnify another against the consequences of committing a tortious act is illegal unless the performance of the tortious act is only an undesired possibility in the performance of the bargain, and the bargain does not tend to induce the act."

Section 575(1) states: "A bargain for exemption from liability for the consequences of a wilful (sic) breach of duty is illegal, and a bargain for exemption from liability for the consequences of negligence is illegal if (a) the parties are employer and employee and the bargain relates to negligent injury of the employee in the course of the employment, or (b) one of the parties is charged with a duty of public service, and the bargain relates to negligence in the performance of any part of its duty to the public, for which it has received or been promised compensation." Restat. 1st of Contracts, § 575(1) (1932).

[2] Section 195(1) states: "A term exempting a party from tort liability for harm caused intentionally or recklessly is unenforceable on grounds of public policy." Restat. 2d of Contracts, § 195(1) (1981).

relies on the holding in *Fluke Corp. v. Hartford Accident & Indem. Co.*, 34 P.3d 809, 814 (Wash. 2001) (en banc), where the Supreme Court of Washington upheld a contract that allowed the appellant to contract away liability for its own intentional tort of malicious prosecution. [Filing No. 92 at 3.] Univar argues that "Washington public policy demands that contractual promises be given their full effect, even when that promise shields a party from liability for its own alleged intentional tort." [Filing No. 92 at 4.] It also attacks RSI's reliance on *Griffiths,* 182 P.2d 18 and *McCutcheon*, 486 P.2d 1093, arguing that those cases are outdated and not controlling. [Filing No. 92 at 4-7.] Univar challenges the other cases RSI cites, noting that they "are drawn from out of state, quote mere dicta (from a footnote), and refer to non-authoritative, concurring opinions." [Filing No. 92 at 6.]

In reply, RSI reiterates its argument that Univar has failed to state a claim because the indemnification provision is void for public policy reasons. [Filing No. 93 at 1.] RSI argues that *Fluke* is legally distinct from the present case because *Fluke* is a narrow holding regarding an insurance policy that contained an express provision covering a specific intentional tort, rather than a general indemnification clause in a commercial contract. [Filing No. 93 at 1-5.] Lastly, RSI maintains that the cases cited in its Motion to Dismiss are applicable and controlling because they have been cited as precedent in recent court opinions. [Filing No. 93 at 5-7.]

Indemnity "agreements are generally enforceable in Washington; however, limits have been placed on their enforcement by both the courts and the [Washington] Legislature." *Stocker v. Shell Oil Co.*, 716 P.2d 306, 308 (Wash. 1986) (en banc). Agreements to indemnify must be in writing and be between competent parties who have equal bargaining power. *Id.* (citations omitted). In Washington, indemnity agreements are generally enforceable "unless prohibited by

statute or public policy." *Northwest Airlines v. Hughes Air Corp.*, 702 P.2d 1192, 1193 (Wash. 1985) (en banc).

The Court does not agree with RSI's contention that Washington law prohibits the enforcement of indemnification agreements covering intentional conduct because they violate public policy. RSI suggests that the Washington Supreme Court adopted as law the provisions found in Sections 572 and 575(1) of the Restatement (Second) of Contracts in *Griffiths* and applied that law in *McCutcheon*. However, a closer look at *Griffiths* reveals that the Washington Supreme Court simply mentioned Sections 572 and 575, without formally adopting those provisions or applying them to the facts in that case, and the Court went on to uphold an indemnification clause and reject the broad-sweeping public policy rule that RSI now asks this Court to apply: that a party may not contract to exempt itself of liability for its own wrongful conduct. 182 P.2d 18, 21 (Wash. 1947) ("It is clear that the board rule for which plaintiff contends does not obtain in this state."). As for *McCutcheon*, that case involved an exculpatory clause in a landlord-tenant contract—as opposed to an indemnity agreement in a commercial relationship—and it is not applicable to the present case because there are specific duties landlords owe to tenants under Washington's common law that cannot be contracted around, 486 P.2d at 1097. Furthermore, the other cases cited by RSI are not binding.

It is true that *Fluke* involves indemnification through an insurance policy that expressly covered a specific intentional tort: malicious prosecution, *Fluke*, 34 P.3d at 813, so it is not entirely analogous to the circumstances in this matter. However, *Fluke* is instructive because the insurance policy in that case also covered a host of other intentional torts, yet the Supreme Court of Washington found that the insurance policy was enforceable. *Id.* ("Hartford can point to no statute or judicial decision suggesting that this state discountenances the selling of [commercial general

liability] insurance . . . for a number of intentional torts, including not only malicious prosecution but also false arrest, wrongful entry or eviction, and libel or slander."). Similar to Hartford in *Fluke*, RSI can point to no statute or judicial decision suggesting that Washington forbids indemnification for the intentional tort of induced patent infringement or, for that matter, any intentional tort. If Washington public policy forbids the indemnification for intentional torts, as RSI claims, that issue was not discussed in *Fluke*. Instead, the *Fluke* court rejected the public policy argument that RSI now makes. *Id.* at 813-814. Moreover, the Supreme Court of Washington has stated that it "has long preferred to enforce indemnity agreements as executed by the parties." *McDowell v. Austin Co.*, 710 P.2 192, 195 (Wash. 1985). This Court is not aware of any Washington statute or court opinion that states indemnification provisions that cover intentional torts are void for public policy reasons, and there is nothing in the Complaint that indicates the License Agreement is invalid or the indemnification provision is unenforceable. Therefore, Univar has stated a claim for indemnification at the pleading stage, and RSI's Motion to Dismiss, [Filing No. 81], is **DENIED.**

## IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** RSI's Motion to Dismiss. [81]

Date: 4/24/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**